IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

SAMUEL MERRITT,                           )
                                          )
            Plaintiff,                    )
                                          )
      v.                                  )     No. 11-5080-SSA-CV-SW-MJW
                                          )
MICHAEL J. ASTRUE, Commissioner,          )
Social Security Administration,           )
                                          )
            Defendant.                    )

**ORDER**

Plaintiff Samuel Merritt seeks judicial review[1] of a final administrative decision denying him disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the Commissioner of the Social Security Administration under Title II. The parties' briefs are fully submitted, and an oral argument was held on December 10, 2012. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

**Standard of Review**

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1).  See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).  To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment."  McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments.  McMillian, 697 F.2d at 221.

## Discussion

Plaintiff was 47 years of age at the time of his alleged onset of disability on May 6, 2001.  Plaintiff alleges he suffers from severe neck, back, knee and hip pain.  He argues the Administrative Law Judge (ALJ) should have found that he was disabled due to these severe impairments.  The relevant period for plaintiff's claim is very brief.  Plaintiff's alleged onset date of May 6, 2001, is only eight months prior to his date last insured under Title II of the Act.  Plaintiff's insured status under Title II of the Act expired on December 31, 2001.  Accordingly, the eight-month period between May 6 and December 31, 2001, is the only relevant time frame for determining whether plaintiff is disabled as defined by the Social Security Act.  Plaintiff has the burden of showing he was disabled prior to the expiration of his insured status on December 31, 2001.  20 C.F.R. § 404.130; Moore v. Astrue, 572 F.3d 520, 522 (8th Cir. 2009).

Plaintiff argues the ALJ erred in not ordering further medical expert testimony, given the remoteness of the relevant period in his case.  Plaintiff argues the SSA policy requires that anytime the record lacks a contemporaneous medical opinion about a claimant's physical impairments for the period under evaluation, an expert opinion is required.  Plaintiff also argues the ALJ erred in determining plaintiff's residual functional capacity (RFC).

2

The Commissioner argues in support of the ALJ's decision, asserting that the SSA policy cited by plaintiff, Social Security Ruling (SSR) 83-20, 1983 WL 31249 (S.S.A.), is inapplicable to this case. The Commissioner argues that this SSR only applies to cases where the ALJ is attempting to determine an onset date, and is not applicable to establishing impairments. In this case, the Commissioner points out plaintiff does not allege the ALJ should have assessed an earlier onset date than the one he alleged, and there is no evidence that an earlier date needs to be inferred prior to the beginning of available medical records, which is the only situation requiring medical expert testimony under SSR 83-20.

The Commissioner further argues that the ALJ need not have a Medical Source Statement (MSS) for the relevant period to make a determination regarding plaintiff's disability. The Commissioner asserts that an RFC determination by the ALJ is based on substantial evidence in the record as a whole, and does not require an opinion from a doctor.

Upon review, this Court finds that the SSR policy cited by plaintiff is not applicable to this case for the reasons cited by the Commissioner. Further, the Eighth Circuit has specifically found that an RFC is not dependent on a MSS. An ALJ is not required to rely entirely on a particular physician's opinion or choose between the opinions of any of the claimant's physicians in determining the claimant's RFC. Martise v. Astrue, 641 F.3d 909, 927 (8th Cir. 2011). See also Chapo v. Astrue, 682 F.3d 1285, 1288 (10th Cir. 2012) ("there is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question"). Thus here, the ALJ is entitled to formulate an RFC based on the available medical evidence and other evidence in the record. "[T]he ALJ is required to order medical examination and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." Johnson v. Astrue, 627 F.3d 316, 320 (8th Cir. 2010). Here, all of plaintiff's medical records from the relevant period were available and plaintiff does not argue that any of his records were extant. These records were sufficient for the ALJ to determine whether plaintiff was disabled. The ALJ properly accounted for the medical evidence and evidence in the record as a whole in formulating an RFC that plaintiff could do sedentary work. See Ellis v. Barnhart, 392 F.3d 988, 994 (8th Cir. 2005) (the ALJ's having found a claimant limited to sedentary work is in itself a

significant limitation, which reveals that the ALJ did give credit to medical limitations of the plaintiff).

## Conclusion

Plaintiff has failed to meet his burden in this case. Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010) ("[T]he burden of persuasion to prove disability and demonstrate RFC remains on the claimant."). There is substantial evidence in the record as a whole to support the ALJ's decision that plaintiff is not disabled as defined under the Social Security Act between the dates of May 6 and December 31, 2001.

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is affirmed and this case is closed.

Dated this 27th day of December, 2012, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge

4